USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/28/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YOVANNY DOMINGUEZ, *for himself and*                          :
*on behalf of all other persons similarly situated,*          :
                                                             :
                                             Plaintiff,       :          1:20-cv-00212-GHW
                                                             :
                    -v -                                      :                 ORDER
                                                             :
LOW OVERRUN LLC,                                              :
                                                             :
                                             Defendant.       :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        Plaintiff filed his complaint on January 9, 2020.  Dkt. No. 1.  On April 29, 2020, Plaintiff

informed the Court that the defendant had not appeared in the case and that Plaintiff was unable to

get in touch with Defendant.  Dkt. No. 12.  The next day, the Court issued an order directing

Plaintiff to initiate default proceedings by no later than June 15, 2020.  Dkt. No. 12.  The Clerk of

Court entered a certificate of default on June 11, 2020, Dkt. No. 15, and Plaintiff has done nothing

to prosecute the case since then.

        On September 21, 2021, this Court issued an order to show cause by no later September 27,

2021 why this case should not be dismissed for failure to prosecute under Federal Rule of Civil

Procedure 41(b).  Dkt. No. 17.  To date, Plaintiff has not responded to the Court's orders.

## I.    LEGAL STANDARD

        Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to

comply with these rules or a court order, a defendant may move to dismiss the action or any claim

against it."  "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a

defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district

court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider: (1) the duration of delay caused by Plaintiff's failures; (2) whether Plaintiff has received notice that further delays would result in dismissal; (3) whether Defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). However, "a district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent.").

## II.   DISCUSSION

The Court finds that dismissal of Plaintiff's complaint without prejudice is warranted. As the procedural history recounted above makes clear, Plaintiff has ignored the Court's deadlines in this case and been given more than sufficient time to initiate default proceedings against the defendant. Plaintiff failed to take any action in this case for over 15 months and ignored the Court's September 21, 2021 order to show cause, suggesting that Plaintiff is not interested in pursuing his action further. The Court has considered whether a lesser sanction is appropriate, and

concludes—in light of Plaintiff's demonstrated disinterest in prosecuting this case— that it is not. *See Smith v. Dinoia*, No. 19-CV-4471 (KMK), 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing case where plaintiff was unresponsive despite warnings that the case could be dismissed for failure to prosecute); *Leon v. Rockland Psychiatric Ctr.*, No. 15-CV-5040 (KMK), 2017 WL 6948591, at *1–2 (S.D.N.Y. Nov. 28, 2017) (same).  Further, because Plaintiffs have failed to take meaningful steps to prosecute the case, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." *Antonio v. Beckford*, No. 05-cv-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006).  Accordingly, Plaintiff's complaint is dismissed without prejudice for failure to prosecute.

The Clerk of Court is directed to adjourn all hearings, terminate all pending motions, and to close this case.

SO ORDERED.

Dated:  September 28, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge